IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARTIN R. BUB,

                Plaintiff,

  v.

LT. SWIEKATOWSKI, JOHN DOE, CAROL ROWE,
ELIZABETH MASON, CAPTAIN SCHULTZ,
PETE ERICKSEN, MICHAEL BAENEN,
MICHAEL MOHR, and CHARLES FACKTOR,

                Defendants.

OPINION & ORDER

15-cv-195-jdp

---

Plaintiff Martin Bub is an inmate currently incarcerated at the John C. Burke Correctional Center, located in Waupun, Wisconsin. I granted him leave to proceed on various constitutional claims against employees at the Green Bay Correctional Institution and Wisconsin Department of Corrections, mostly stemming from what he believes were retaliatory actions for defending himself against a conduct report, and for helping his girlfriend with a lawsuit against prison officials. In particular, he alleges that prison staff spiked his urine sample with cocaine and then violated his due process rights in the ensuing disciplinary proceedings. He has filed a motion for reconsideration of the screening order, a motion to amend his complaint to include new defendants, and a motion to "dismiss" defendants' motion for summary judgment on the ground that defendants did not comply with the court's procedures for summary judgment.

A. Motion for reconsideration

In his motion for reconsideration of the screening order, Bub seeks to reinstate his conspiracy claims against defendants. I stated the following about those claims in the screening order:

> Plaintiff also suggests that defendants "conspired" to violate his rights with regard to the retaliation claims and several other of his claims. But when a plaintiff alleges a conspiracy, he must explain why he believes the conspiracy existed; "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [i]s not enough." *Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009). Plaintiff does not explain how he knows that the various defendants are joined in a conspiracy to harm him, so his allegations of conspiracy add nothing to his claims. Instead, I will consider his allegations that certain defendants were directly personally involved in violating his rights.

Bub now explains further that he believes that several of the defendant prison officials could have acted the way they did only if they had all agreed to violate his rights. But conspiracy is not an independent basis for liability in § 1983 actions. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *see also Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). ("There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution."). Bub is already bringing claims against each of the defendants he states were part of this conspiracy, so there is no reason to add any more claims. I will deny his motion for reconsideration. But proving that a conspiracy existed would be one way for him to succeed with the claims on which he is already proceeding, because it would show how each defendant was personally involved in violating his rights. As the case moves forward to the summary judgment or trial phases, he should present the evidence he has supporting this theory.

B.  **Motion to amend complaint**

Bub has filed a motion to amend his complaint to add claims against new defendants Sgt. Process, Wendy Bruns, Charles Cole, Sgt. Menning, and Captain Stevens. Bub filed his motion within 21 days of defendants' answer, so I will grant his motion. I must screen his new claims under 28 U.S.C. § 1915A, as I screened the claims in his original complaint.

2

He alleges that Charles Cole, acting as a high-level grievance examiner, denied his grievances about (1) procedural errors in his disciplinary proceedings and (2) being subjected to "gas" (by which I take to mean pepper spray) when the spray was used on other prisoners. I have already granted Bub leave to proceed on procedural due process claims against other grievance examiners for Bub's grievance about due process violations in his disciplinary proceedings, so I will allow Bub to proceed on a claim against Cole as well. On the other hand, I have already denied Bub leave to proceed against other grievance examiners about the pepper spray because he had been transferred out of GBCI by the time they considered his complaints. For the same reason, I will deny him leave to proceed against Cole on this claim.

Bub alleges that Sgt. Process violated his Fourth Amendment and equal protection rights by collecting his urine when there was no reason to do so, and that defendants Sgt. Menning and Captain Stevens authored a false backdated incident report to give defendants pretext to collect his urine. I have already allowed Bub to proceed with Fourth Amendment and equal protection claims about harassing behavior by other defendants, including their roles in taking his urine unnecessarily. So I will allow Bub leave to proceed on Fourth Amendment and equal protection claims against Process, Menning, and Stevens as well.

Bub alleges that Wendy Bruns, the "Program Review Coordinator" at GBCI, denied Bub's request for transfer out of GBCI based on his complaints about harassment from prison officials there. Bub states that this violated his right to equal protection and his due process rights. I previously allowed Bub to proceed with claims against the grievance examiners who could have put a stop to the harassment but chose not to. For the same reasons, I will allow Bub to proceed on an equal protection claim against Bruns. But I will not allow him leave to

proceed on a due process claim, because Bruns's denial itself does not violate due process: Bub does not allege that Bruns failed to provide him with adequate procedure.

**C. Motion to dismiss defendants' motion for summary judgment**

Bub has filed a motion he titles as one to "dismiss" defendants' motion for summary judgment on the ground that defendants did not comply with the court's procedures for summary judgment. The procedures include the instruction that "[t]he statement of proposed findings of fact must include all facts necessary to sustain the motion for summary judgment, including facts relating to jurisdiction and the identity of the parties." Dkt. 16, at 15.

Bub argues that defendants' motion for summary judgment does not "comply with the facts relating to jurisdiction." Dkt. 53 at 2. But the summary judgment rule Bub cites is meant to ensure that the court can hear the case; it is not meant to act as a threshold requirement for the court to accept a motion. Even if defendants' motion were defective, I would give them a chance to fix it.

In any event, I conclude that the motion is not defective. Defendants are not required to explicitly connect the dots between their identities and the court's jurisdiction. It is clear from defendants' proposed findings of facts (as well as Bub's proposed findings) that this court has jurisdiction over the case—defendants are state prison officials, and Bub brings claims that they violated his constitutional rights. This court has jurisdiction over Bub's federal-question claims. I will deny Bub's motion.

**D. Schedule**

I will give the state a short time to inform Bub and the court whether it will be representing newly added defendants Process, Bruns, Cole, Menning, and Stevens. The parties have filed dueling motions for summary judgment. From Bub's submissions, it seems

4

that he has perhaps included all the facts he intends to provide regarding these new defendants. But to ensure that the parties fully litigate this case at the summary judgment stage, I will set a round of supplemental summary judgment briefing on the new claims once the new defendants have appeared in the case. The remaining schedule will be stricken and I will set new pretrial deadlines and a trial date following resolution of the summary judgment motions.

ORDER

IT IS ORDERED that:

1. Plaintiff Martin Bub's motion for reconsideration of the court's screening order, Dkt. 13, is DENIED.

2. Plaintiff's motion to amend his complaint, Dkt. 14, is GRANTED. Plaintiff is now proceeding on the following claims:

    a. Defendants Swiekatowski, Ericksen, Baenen, Doe, Rowe, Mason, and Schultz retaliated against him for successfully defending himself on a disciplinary charge, and defendants Mohr and Baenen ruled against his grievance about the harassment.

    b. Defendants Swiekatowski's, Ericksen's, Baenen's, Doe's, Rowe's, Mason's, Schultz's, Process's, Menning's, and Stevens's actions violated his right to equal protection under a "class of one" theory, defendants Mohr and Baenen ruled against his grievance about the harassment, and Bruns failed to transfer him out of the prison.

    c. Defendants Swiekatowski, Ericksen, and Baenen subjected plaintiff to unnecessary strip searches, in violation of the Eighth Amendment.

    d. Defendants Schultz, Mohr, Baenen, Facktor, and Cole violated his procedural due process rights.

    e. Defendants Swiekatowski, Ericksen, Baenen, Process, Menning, and Stevens violated his Fourth Amendment rights by subjecting him to repeated non-random urine tests.

3. Plaintiff's motion to dismiss defendants' motion for summary judgment, Dkt. 52, is DENIED.

4. The state may have until April 11, 2017, to inform plaintiff and the court whether it will be representing the newly added defendants.

5. The remaining schedule in this case is STRICKEN.

Entered March 28, 2017.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge